**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV 04-2108-PHX-EHC |
| Petitioner, | ) ) ) | **ORDER** |
| v. | ) ) | |
| Marion Holmes, | ) ) | |
| Respondent, | ) ) | |
| Chatzky & Associates and Michael G. Chatzky, | ) ) ) | |
| Intervenors. | ) ) | |

Pending before the Court is Intervenors' Motion for Dismissal, Clarification, and/or for Further Procedures and Alternative Responsive Memorandum to Petitioner's Amended Proposal for Production (Motion). [Dkt. 56]. The Motion is fully briefed.

This case involves an Internal Revenue Service (IRS) Administrative Summons issued to Respondent for, *inter alia*, compact disks (CDs) containing a purportedly vast amount of materials created in the course of Intervenors' law and tax practice, which the IRS is investigating for tax violations. The IRS has authority to examine the materials on the CDs because they "may be relevant or material" to the investigation. See 26 U.S.C. § 7602(a)(1) (in tax investigations, IRS may "examine any books, papers, records or other data which may be relevant or material to such inquiry"). Intervenors claim that the materials on the CDs are protected from IRS examination by the attorney-client privilege and other

privileges. The issue to be determined is how the IRS can examine the vast amount of materials on the CDs without infringing Intervenor's privileges, if any, in those materials.[1]

On August 11, 2005, the Court issued a sealed order requiring Petitioner, within 20 days, to file a list of 25 names for Intervenors to use in searching the CDs. Intervenors were ordered to file, within 30 days of receiving Petitioner's list a memorandum setting forth any claims of privilege with respect to materials found in the search. Once the memorandum was filed, the Court would appoint a Special Master to review the CDs and issue a Report and Recommendation regarding the claims of privilege. [Dkt. 48].

On August 29, 2005, Petitioner filed its list of 25 names. [Dkt. 49]. According to Intervenors, the search using those names "results in thousands of unnumbered and unindexed electronic files." [Dkt. 56, p. 5]. To determine whether any of those files are privileged, Intervenors claim they would have "to manually open literally thousands of unindexed electronic files to be tediously pored over file-by-file, page-by-page, and word-by-word." [Dkt. 56, p. 5]. Intervenors claim, therefore, that preparing the required memorandum setting forth its claims of privilege "would require a vast and impracticable expenditure of nonbillable time and resources for a small San Diego law firm." [Dkt. 56, p. 6]. Intervenors have not suggested alternative means by which the IRS can examine the materials.

This case has been pending since June 8, 2004, almost two years. During that time, Intervenors have failed to offer any evidence substantiating their claims of privilege.[2] See

---

[1] Intervenors argue the Court cannot reach this issue and must dismiss this case because Respondent has complied with the Summons and the Court has dismissed the Petition to Enforce the Summons as moot. [See dkt. 48]. This argument ignores the dispute between Intervenors and Petitioner regarding privileges, which has not been resolved.

[2] Intervenors cannot maintain that their status as Intervenors has kept them from using those two years to substantiate their privilege claims. The Petition was served on Intervenors pursuant to 26 U.S.C. § 7609 (providing procedures for third party summonses). [See dkt. 3]. The Petition was filed pursuant to a stipulation for dismissal of a Motion to Quash, which Intervenors filed on August 4, 2003 in a prior case arising from

United States v. Abrahams, 905 F.2d 1276 (9th Cir. 1990) (party opposing disclosure to the IRS has "burden of establishing that the information... satisfied all of the conditions necessary for the privilege"). Intervenors could have substantiated their claims by, for example, providing a random sample of materials taken from the CDs and demonstrating that the selected materials were protected by a privilege. Neither have Intervenors suggested a method by which the IRS could examine the materials on the CDs. Given that the privilege claims are unsubstantiated and the IRS has authority to examine the CDs, the Court is considering entering an order allowing the IRS to itself examine the CDs, without prejudice to Intervenors' asserting a claim of privilege as to any specific materials contained on the CDs.

Accordingly,

**IT IS ORDERED** that Intervenors' Motion for Dismissal, Clarification, and/or for Further Procedures and Alternative Responsive Memorandum to Petitioner's Amended Proposal for Production [dkt. 56] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Request Status Conference [dkt. 59] is **GRANTED** to the extent that a show cause hearing is set for **Thursday, July 6, 2006 at 9:30 a.m.** Intervenors to show cause why Petitioner should not be allowed to examine the materials on the CDs, without prejudice to Intervenors asserting a claim of privilege as to any specific materials contained on the CDs.

DATED this 26th day of May, 2006.

_____
Earl H. Carroll
United States District Judge

---

the privilege dispute between Intervenors and Petitioner. [Dkt. 56, attach. (Stipulation filed in MC 03-0066-PHX-JAT)].